Jason R.N. Monteleone
JOHNSON & MONTELEONE, L.L.P.
405 South Eighth Street, Suite 250
Boise, Idaho 83702
Telephone: (208) 331-2100
Facsimile: (208) 947-2424
*jason@treasurevalleylawyers.com*
Idaho State Bar No. 5441

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Joshua Michael Nall,<br><br>   Plaintiff<br><br>v.<br><br>Warden Keith Yordy, Idaho Department of Correction, and CERT Members Cpl. Tyler Nicodemus, Sgt. M. Tamez, Operator Fish, Operator Cpl. R. Hiese, Operator Trevor D. Lewis, Sgt. Frasier, and Sgt. Segadelli, and John/Jane Does I through X, whose true identities are presently unknown,<br><br>   Defendants | Case No. 1:15-CV-00474-TJH<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, Joshua Michael Nall, by and through his attorney of record, Jason R.N. Monteleone of Johnson & Monteleone, L.L.P., and, for cause(s) of action against Defendants and pursuant to this Court's *Order* (Dkt. 60) allowing the pleading amendments made herein, he alleges, avers, claims, and states as follows:

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL -- 1**

## JURISDICTION

1. The United States District Court for the District of Idaho has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. §1983, 42 U.S.C. §1331, and 28 U.S.C. §1343(a)(3).

## VENUE

2. The United States District Court for the District of Idaho is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions given rise to Plaintiff's claims, occurred in this District.

## PARTIES

3. Plaintiff, Joshua Michael Nall, is now and, at all relevant times herein was, a resident of Ada County, Idaho, as he has been incarcerated at the Idaho State Correctional Institution ("ISCI") and/or the Idaho Maximum Security Institution ("IMSI") located at 13500 S. Pleasant Valley Road, Kuna, Idaho 83634.

4. Defendant, Cpl. Tyler Nicodemus, was a member of the Critical Emergency Response Team ("CERT"), which was involved in the use-of-force incident involving Plaintiff on June 3, 2015.

5. Defendant, Sgt. M. Tamez, was a CERT member involved in the use-of-force incident involving Plaintiff on June 3, 2015.

6. Defendant, Operator Fish, was a CERT member involved in the use-of-force incident involving Plaintiff on June 3, 2015.

7. Defendant, Operator Cpl. R. Hiese, was a CERT member involved in the use-of-force incident involving Plaintiff on June 3, 2015.

8. Defendant, Operator Trevor D. Lewis, was a CERT member involved in the use-of-force incident involving Plaintiff on June 3, 2015.

9. Defendant, Sgt. Frasier, was a CERT member involved in the use-of-force incident involving Plaintiff on June 3, 2015.

10. Defendant, Sgt. Segadelli, was a CERT member involved in the use-of-force incident involving Plaintiff on June 3, 2015.

11. Defendant, Idaho Department of Correction ("IDOC"), is an Idaho state agency which provides correctional services throughout the state of Idaho.

12. Defendant, Warden Keith Yordy, was and is the acting warden at ISCI, IMSI, and also those facilities medical units, including ICC, at all times relevant to this action and is employed by IDOC.

13. At all times relevant to this action, Defendants, John/Jane Does I through X, whose true identities are presently unknown ("the Doe Defendants"), are now and at all times relevant to this action were entities or individuals who were the agents, employees, independent contractors, subdivisions, franchisees, wholly-owned subsidiaries, or divisions of the Defendants specifically identified herein or are entities or individuals acting on behalf of, in a master/servant or principal/agent relationship with, or in concert with Defendants named herein.

14. At all times relevant to the events described herein, all Defendants except IDOC were individuals acting under color of state law and are thus sued in both their individual as well as official capacities.

## FACTS COMMON TO ALL CAUSES OF ACTION

15. Plaintiff realleges the preceding paragraphs as though fully set forth *in haec verba*.

16. On June 3, 2015, CERT was involved in an effort to locate and remove suspected contraband from ISCI, where Plaintiff was housed in Unit 8 at ISCI.

17. During CERT's efforts on June 3, 2015, excessive force was used against Plaintiff, which caused serious bodily injury to Plaintiff and other damages, including, but not limited to, injuries to Plaintiff's head, left leg, and spine.

18. The CERT member Defendants were collectively involved in the inappropriate and excessive use of force on Plaintiff on June 3, 2015.

19. On June 3, 3015, the individual CERT members identified herein, Defendants, used excessive force upon Plaintiff, which resulted in Plaintiff being abused and assaulted physically. The individual CERT members identified herein came to Plaintiff's cell, in Unit 8 at ISCI on the date in question, with their identifications and badges covered, therefore Plaintiff could not readily identify who they were; they attempted to extract Plaintiff by force from his cell, which force was inappropriate and excessive, while he was asleep. Plaintiff has long suffered from a brain tumor and has a metal plate implanted in his skull. The individual CERT members were fully aware of this or should have been. Even though the individual CERT members were aware of or should have been aware of this fact, they physically knelt on Plaintiff's head, which endangered Plaintiff's life.

20. The individual CERT members, knowing of Plaintiff's health conditions, caused him to be beaten up against doorways and walls at ISCI, as they transported Plaintiff

from Unit 8 to Unit 7 and then to Unit 9, where Plaintiff was accosted and assaulted by the individual CERT members in a strip-out cage.

21. The individual CERT members' inappropriate and excessive use of force upon Plaintiff by slamming his head into the wall in a strip-out cage caused serious injury to Plaintiff and caused the metal plate in his head to crack through Plaintiff's skull.

22. The inappropriate and excessive use of force by the CERT members on Plaintiff, on June 3, 2015, was in violation of Plaintiff's Eighth Amendment and Fourteenth Amendment guarantees of the United States Constitution against cruel and unusual punishment and thus violated Plaintiff's civil rights.

23. The inappropriate and excessive use of force by the CERT members on Plaintiff, on June 3, 2015, was in violation of clearly-established law, and thus no Defendant is entitled to qualified immunity in this action.

24. Defendants Yordy and IDOC authorized the assembly of CERT members at ISCI on June 3, 2015, and were thus involved in and thus potentially liable to Plaintiff for the actions of the individual CERT members on June 3, 2015, which seriously injured Plaintiff.

## FIRST CAUSE OF ACTION – VIOLATION OF PLAINTIFF'S CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 FOR THE EXCESSIVE USE OF FORCE AND ASSERTED AGAINST ALL INDIVIDUAL CERT MEMBERS IDENTIFIED HEREIN

25. Plaintiff realleges the preceding paragraphs as though fully set forth *in haec verba*.

26. This cause of action is asserted against the individual CERT members identified herein, as these individuals used excessive force against Plaintiff unnecessarily which resulted in serious, bodily injury to Plaintiff.

27. The Eighth and Fourteenth Amendments to the United States Constitution prohibits cruel and unusual punishment. The United States Constitution prohibits the abuse of prisoners and also provides that Plaintiff will not be assaulted or terrorized while incarcerated.

28. Plaintiff's civil rights relative to the Eighth and Fourteenth Amendments to the United States Constitution were violated by the individual CERT members identified herein, Defendants, who were acting under color of state law and in violation of clearly-established law at all times most relevant to this action, to wit, the events on June 3, 2015, during which Plaintiff was injured.

29. As the individual CERT members identified herein, Defendants, violated clearly-established law in using excessive force against Plaintiff, on June 3, 2015, none of them are entitled to any immunity whether qualified or otherwise.

30. The individual CERT members identified herein, Defendants, caused serious, bodily injury to Plaintiff as well as other damages, both special and general in nature, due to their inappropriate and excessive use of force against Plaintiff.

31. Plaintiff is and, since the date of loss on June 3, 2015, has been in daily pain and has suffered because of the above actions. Plaintiff has numbness in his toes and has constant pain in his back as well as frequent, severe headaches. Plaintiff's head hurts all the time, where the individual CERT members identified herein, Defendants, knelt on it.

32. As a result of Defendants' egregious and illegal conduct, Plaintiff has been required to retain the professional services of legal counsel in order to pursue the instant action to assert his legal and civil rights, and thus Plaintiff requests an award of attorney fees and costs related to the prosecution of the instant action.

## SECOND CAUSE OF ACTION – VIOLATION OF PLAINTIFF'S CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 AGAINST ALL DEFENDANTS

33. Plaintiff realleges the preceding paragraphs as though fully set forth *in haec verba*.

34. This cause of action is asserted against all Defendants.

35. Defendants Yordy and IDOC owed Plaintiff duties of care to only authorize the use of CERT members reasonably and to not utilize a CERT to assault, injure, and/or terrorize Plaintiff with the excessive use of force.

36. All Defendants acted collectively to deprive Plaintiff of his civil rights, specifically the prohibition against cruel and unusual punishment guaranteed by the Eighth and fourteenth Amendments to the United State Constitution.

37. Defendants Yordy and IDOC failed to properly train and supervise the individual CERT members identified herein, Defendants, used to extract Plaintiff from his cell in Unit 8 at ISCI on June 3, 2015. The failure to properly train and supervise the CERT members resulted in Plaintiff being assaulted and stripped naked before female, correctional staff members who were present at the relevant times to the excessive use of force incident.

38. Plaintiff complained to Defendant Yordy of the actions of the CERT members. However, Defendant Yordy refused to inform Plaintiff of the

results of the investigation that was conducted into the use-of-force incident on June 3, 2015.

39. Defendants Yordy and IDOC have implemented policies and procedures that allowed this assaultive environment to exist on June 3, 2015.

40. Defendant Yordy violated the Eighth Amendment to the United States Constitution in preventing cruel and unusual punishment upon Plaintiff.

41. As a direct and proximate result of the acts and omissions of Defendants Yordy and IDOC, Plaintiff has suffered a back injury, a head injury, a left leg injury, and has numbness in his toes as a result of the assault.

42. Plaintiff has been required to retain the services of Johnson & Monteleone, L.L.P., in connection with the prosecution of this action and requests that the attorney fees and litigation costs associated with this representation be paid by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For Plaintiff's special and general damages in amounts which may be proven at trial;

2. For costs of the action incurred herein to be determined by the Court;

3. For reasonable attorney fees to be determined by the Court; and

4. For such other and further relief, as this Court deems just, equitable, and proper in the premises.

DATED: This 10th day of September, 2018.

JOHNSON & MONTELEONE, L.L.P.

/s/ Jason R.N. Monteleone
Jason R.N. Monteleone
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. 38(b), Plaintiff hereby demands a trial by jury on any and all issues properly triable by jury in this action.

DATED: This 10th day of September, 2018.

JOHNSON & MONTELEONE, L.L.P.

/s/ Jason R.N. Monteleone
Jason R.N. Monteleone
Attorneys for Plaintiff