LAWRENCE G. WASDEN
ATTORNEY GENERAL

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
mje@melawfirm.net
CRAIG D. STACEY (ISBN 7996)
craig@melawfirm.net
MOORE ELIA KRAFT & HALL, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone:  (208) 336-6900
Facsimile: (208) 336-7031

*Attorneys for Defendants Warden Keith Yordy, Idaho Department of Correction,
CERT Members Cpl. Tyler Nicodemus, Sgt. M. Tamez, Operator Fish,
Operator Cpl. R. Hiese, Operator Trevor D. Lewis, Sgt. Frasier, and Sgt. Segadelli*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Joshua Michael Nall, | Case No. 1:15-cv-00474-TJH |
| Plaintiff, | **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| Warden Keith Yordy, Idaho Department of Correction, and CERT Members Cpl. Tyler Nicodemus, Sgt. M. Tamez, Operator Fish, Operator Cpl. R. Hiese, Operator Trevor D. Lewis, Sgt. Frasier, and Sgt. Segadelli, and John/Jane Does I through X, whose true identifies are presently unknown, | |
| Defendants. | |

COME NOW the Defendants Warden Keith Yordy, Idaho Department of Correction,

CERT Members Cpl. Tyler Nicodemus, Sgt. M. Tamez, Operator Fish, Operator Cpl. R. Hiese,

Operator Trevor D. Lewis, Sgt. Frasier, and Sgt. Segadelli by and through their counsel Moore

Elia Kraft & Hall, LLP, and in answer to Plaintiff's First Amended Complaint and Demand for Jury Trial filed September 10, 2018, and in consideration of the Court's Initial Review Order of January 25, 2016, admit, deny and allege as follows:

## FIRST DEFENSE

1.      Plaintiff's First Amended Complaint fails to state a claim against these answering Defendants upon which relief can be granted.

## SECOND DEFENSE

2.      These answering Defendants deny each and every allegation of Plaintiff's First Amended Complaint not herein expressly and specifically admitted.

3.      With regard to paragraph 1 of Plaintiff's First Amended Complaint, these Defendants admit that this Court has jurisdiction over the subject matter of the Complaint.

4.      With regard to paragraph 2 of Plaintiff's First Amended Complaint, these Defendants admit that venue is appropriate in the District of Idaho.

5.      These Defendants admit the allegations contained in paragraphs 3, 4, 5, 6, 7, 8, 9, 10 and 11 of Plaintiff's First Amended Complaint.

6.      With regard to paragraph 12 of Plaintiff's First Amended Complaint, these Defendants admit only that Keith Yordy, was and is the acting warden at ISCI and deny the remaining allegations of paragraph 12.

7.      These Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 13 and 14 of Plaintiff's First Amended Complaint, and therefore deny them.

8.      As to the allegations contained in paragraph 15, Defendants reallege their responses to paragraphs 1 through 14 and incorporate the same by reference as applicable and as if fully set forth therein.

9.      With regard to paragraph 16 of Plaintiff's First Amended Complaint, these Defendants admit these allegations.

10.     With regard to paragraphs 17, 18, 19, 20, 21, 22, 23 and 24 of Plaintiff's First Amended Complaint, these Defendants deny these allegations.

11.     As to the allegations contained in paragraph 25, Defendants reallege their responses to paragraphs 1 through 24 and incorporate the same by reference as applicable and as if fully set forth therein.

12.     With regard to paragraphs 26, 27, 28, 29, 30, 31 and 32 of Plaintiff's First Amended Complaint, these Defendants deny these allegations.

13.     As to the allegations contained in paragraph 33, Defendants reallege their responses to paragraphs 1 through 32 and incorporate the same by reference as applicable and as if fully set forth therein.

14.     With regard to paragraphs 34, 35, 36, 37, 38, 39, 40, 41 and 42 of Plaintiff's First Amended Complaint, these Defendants deny these allegations.

## <u>AFFIRMATIVE DEFENSES</u>

That at the time of filing this Answer, these Defendants have not been able to engage in discovery and lacks information sufficient to form a belief as to all of those affirmative defenses that might apply in this instance.   At this time, pursuant to Rule 12 of the Federal Rules of Civil Procedure, these Defendants assert the following affirmative defenses so that the same are not

waived.  If actual information is not developed sufficient to assert any specific defense, the affirmative defense in question will be withdrawn.

The foregoing defenses are applicable, or appropriate, to any and all of Plaintiff's claims for relief.   In asserting these defenses, these Defendants do not admit that they have the burden of proving the allegations or denials contained in the defenses, but, to the contrary, asserts that by reason of the denials and/or by reason of relevant statutory or judicial authority, the burden of proving the facts relevant to many of the defenses and/or burden of proving the inverse to the allegations contained in many defenses is upon the Plaintiff.   These Defendants do not admit, in asserting any defense, any responsibility or liability, but, to the contrary, specifically denies any and all allegations of responsibility and liability set forth in Plaintiff's First Amended Complaint.

These Defendants have considered and believes that they may have additional defenses to Plaintiff's First Amended Complaint, but cannot at this time, consistent with Rule 11 of the Federal Rules of Civil Procedure, state with specificity those defenses.   Accordingly, Defendants reserve the right to supplement this Answer and add additional affirmative defenses as discovery in this case progresses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery in whole or in part for failure to mitigate damages.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims sound in equity, Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has waived the right, and/or is estopped to assert the various claims and causes of action alleged against these answering Defendants.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against these answering Defendants herein fail to make out a case for actual participation in unlawful conduct.

## FIFTH AFFIRMATIVE DEFENSE

The alleged actions of these Defendants, if any, do not rise to the level of a deprivation of a constitutionally protected right.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff consented to the events, occurrences and damages alleged.

## SEVENTH AFFIRMATIVE DEFENSE

These answering Defendants allege they are not liable for an injury caused by the act or omission of another person under a theory of respondeat superior.

## EIGHTH AFFIRMATIVE DEFENSE

Any and all actions alleged against these Defendants are protected by the doctrines of qualified or absolute immunity.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are invalid for failure to allege or prove damages which are the result of an unconstitutional policy or custom.

## TENTH AFFIRMATIVE DEFENSE

At no time did these answering Defendants act in concert or intentionally act to deprive the Plaintiff of his civil rights.

## ELEVENTH AFFIRMATIVE DEFENSE

Any and all conduct of these Defendants with respect to matters alleged was justifiable, reasonable, authorized by law and performed in good faith with a belief that such acts were proper, legal and appropriate.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

## THIRTEENTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff has made claims against these answering Defendants under 42 U.S.C. §§ 1983, such claims are invalid to the extent that they are brought against their official capacity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for relief under the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution because he has not alleged facts that demonstrate that these Defendants acted with deliberate indifference to Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint is barred by the failure to file a tort claim, Idaho Code § 6-906, et seq.

**WHEREFORE**, these answering Defendants pray that Plaintiff's First Amended Complaint be dismissed with prejudice, that Plaintiff takes nothing by this action, that Judgment be entered in favor of these Defendants and against Plaintiff, and that these Defendants are awarded his costs of suit and attorney fees, and such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on Plaintiff's First Amended Complaint, on all issues, claims and defenses so triable, pursuant to the Constitution and laws of the United States and the State of Idaho.

DATED this 24th day of September, 2018.

MOORE ELIA KRAFT & HALL, LLP

By:/s/ Michael J. Elia_____
  Michael J. Elia, of the firm
  Attorneys for Defendants Idaho Department of
  Correction Cert. Team Members and Warden Yordy

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of September, 2018, I caused to be served a true and correct copy of the foregoing document, by the method indicated below, and addressed to the following:

| | |
|---|---|
| Jason R.N. Monteleone | __x__ ECF |
| Johnson & Monteleone, L.L.P. | _____ U.S. Mail, postage prepaid |
| 405 South Eighth Street, Suite 250 | _____ Hand Delivered |
| Boise, Idaho 83702 | _____ Overnight Mail |
| *Attorneys for Plaintiff* | _____ Facsimile Transmission 208-947-2424 |
| | _____ E-Mail: |
| | Jason@treasurevalleylawyers.com |

/s/ Michael J. Elia
Michael J. Elia

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 7**