Jason R.N. Monteleone
JOHNSON & MONTELEONE, L.L.P.

350 N. 9th St., ste. 500
Boise, Idaho 83702
Telephone: (208) 331-2100
Facsimile: (208) 947-2424
*jason@treasurevalleylawyers.com*
Idaho State Bar No. 5441

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Joshua Michael Nall<br><br>       Plaintiffs<br><br>v.<br><br>Warden Keith Yordy, Idaho Department of Correction, Cert Team Members Tyler Nicodemus, M. Tamez, Fish, R. Hiese, Trevor D. Lewis, Frasier, and Segadelli,<br><br>       Defendants | **Case No. 1:15-CV-00474-TJH**<br><br>**FINAL PRETRIAL CONFERENCE ORDER** |

Following pretrial proceedings, pursuant to F.R.C.P. 16 and L.R. 16, IT IS ORDERED:

1.  The parties are:    Joshua Michal Nall, Plaintiff

                            Warden Keith Yordy, Defendant

                            Tyler Nicodemus, Defendant

                            Mike Tamez, Defendant

                            C.O. Jeremy Fish, Defendant

                            Robert Heise, Defendant

Trevor D. Lewis, Defendant

Sgt. James Frasier, Defendant

Sgt. .Segadelli, Defendant

Idaho Department of Corrections, Defendant

Each of the parties has been served and has appeared.  All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:    Complaint  and  Demand  for  Jury Trial.

2.   Federal Jurisdiction and venue are invoked upon the grounds: 42 U.S.C. §1983, 42 U.S.C. §1331, and 28 U.S.C. §1343(a)(3).   The facts requisite to federal jurisdiction are admitted.

3.   The trial is estimated to take ten (5) trial days.

4.   The trial is to be a jury trial.

At least seven (7) days prior to the trial date the parties shall file and serve by e-mail, fax, or personal delivery:  (a) proposed jury instructions as required by L.R. 51-1 and (b) any special questions requested to be asked on voir dire.

5.   The following facts are admitted and require no proof:  On June 3, 2015, CERT was involved in an effort to locate and remove suspected contraband from ISCI, where Plaintiff was housed in Unit 8 at ISCI.

6.   The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

7.   [This section of the Final Pretrial Conference Order is intended to finalize, in advance of trial, the claims and defenses to be presented at trial.  In accordance

**FINAL PRETRIAL CONFERENCE ORDER - 2**

with F.R.C.P. 16(c), parties will be precluded from presenting claims or defenses not set forth in this order, in the manner required by this order, unless the order is modified to prevent manifest injustice. Only claims or defenses contained in the complaint and answer and any court authorized amendment or supplement may be included in this Final Pretrial Conference Order. If a party chooses to abandon a claim or defense previously alleged, it may do so by not including it in this order, and the failure to include any pleaded claim or defense will be deemed to effect such a waiver. The following format must be employed:]

Plaintiff:

 (a) Plaintiff plans to pursue the following claims against the following Defendants:

  Claim 1: Defendants violated Plaintiff's civil rights pursuant to 42 U.S.C. §1983 for the excessive use or force and asserted against all individual CERT members identified herein; and

  Claim 2: Violation of Plaintiff's civil rights pursuant to 42 U.S.C. §1983 against all Defendants.

 (b) The elements required to establish Plaintiff's claims are:

  9.3 Section 1983 Claim Against Supervisory Defendant in Individual Capacity – Elements and Burden of Proof

  9.4 Section 1983 Claim Against Local Governing Body Defendants Based on Official Policy, Practice, or Custom – Elements and Burden of Proof

9.5 Section 1983 Claim Against Local Governing Body Defendants Based on Act of Final Policymaker – Elements and Burden of Proof

9.6 Section 1983 Claim Against Local Governing Body Defendants Based on Ratification – Elements and Burden of Proof

9.7 Section 1983 Claim Against Local Governing Body Defendants Based on Policy of Failure to Train – Elements and Burden of Proof

9.8 Causation

(c) In brief, the key evidence Plaintiff relies on for each of the claims is:

Defendant(s):

(a) Defendants plans to pursue the following counterclaims and affirmative defenses: 9.26 Qualified Immunity.   The elements required to establish Defendant's counterclaims and affirmative defenses are:   The elements of Qualified Immunity are:  (1) whether the facts the plaintiff alleges makes out a violation of a constitutional right; and (2) whether that right was clearly established at the time the defendant acted. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016).

(b) In brief, the key evidence Defendant relies on for each counterclaim and affirmative defense is:

1) IDOC policy #317.02.01.001 Searches: Cell/Living Unit, and Offender **(Defendants' Response to RFP #35 marked as bates NALL_00291-296)**

2) IDOC policy #319.02.01.001 Restrictive Housing **(Defendants' Response to RFP #37 marked as bates NALL_00297-322)**

**FINAL PRETRIAL CONFERENCE ORDER - 4**

3) IDOC policy #307.02.01.001 Use of Force: Prisons and Community Reentry Centers (**Exhibit 1 to Defendants' discovery marked as bates NALL_01-021**)

4) Offender Nall medical records (**Exhibit 2 to Defendants' discovery** marked as bates NALL_0022-30).

5) Photographs of incident (**Exhibit 5 to Defendants' discovery** marked as bates NALL_0048-53).

6) Use of force packet (**Exhibit 6 to Defendants' discovery** marked as bates NALL_0054-79).

7) Serious Incident Report (**Exhibit 7 to Defendants' discovery** marked as bates NALL_0080 -236)

8) Testimony by CERT Team members, Warden Yordy, Deputy Warden Penku and Warden Ramirez.

Third Party Plaintiffs and Defendants:

   [Claims and defenses in third-party cases should be analyzed and set forth in the same way as those of plaintiffs and defendants.  Separate proposed pretrial conference orders will not be accepted.]

8. In view of the admitted facts and elements required to establish the claims, counterclaim and affirmative defenses, the following issues remain to be tried: [list ultimate issues, not evidentiary issues]

9. All discovery is not complete.

10. All disclosures under F.R.C.P. 26(a)(3) have been made.

FINAL PRETRIAL CONFERENCE ORDER - 5

The joint exhibit list of the parties has not been filed under separate cover as required by L.R. 16-6.1.   Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

      Plaintiff objects to Exhibit Nos. _____

      Defendant(s) object to Exhibit Nos. _____

The objections and grounds therefor are:  [list exhibit and grounds for objections separately as to each exhibit]

11. Witness lists of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

12. The following law and motion matters and motions in limine, and no others, are pending or contemplated:  [motion for summary judgment by Defendants on Qualified Immunity.

13. Bifurcation of the following issues for trial is ordered.   None.

14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

DATED:  This 16th day of November, 2018.

_____
UNITED STATES DISTRICT JUDGE

**FINAL PRETRIAL CONFERENCE ORDER - 6**

Approved as to form and content.


/s/ Jason R.N. Monteleone
Jason R. N. Monteleone
Attorney for Plaintiff


/s/ Michael J. Elia
Michael J. Elia
Attorney for Defendant(s)